J-S27032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DONALD KNUDSEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELLIOT BROWNSTEIN, M.D., | : | No. 3453 EDA 2017 |
| GLENSIDE INTERNAL MEDICINE, | : | |
| PRESBYTERIAN HOSPITAL MEDICAL | : | |
| CENTER, ANEESH KHUSHMAN, M.D., | : | |
| AND THE TRUSTEES OF THE | : | |
| UNIVERSITY OF PENNSYLVANIA | : | |

Appeal from the Order Entered October 13, 2017
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2013-23058

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED JULY 23, 2018**

Appellant, Donald Knudsen, purports to appeal from the trial court's October 13, 2017 Order granting in part and denying in part his Post-Trial Motion following a non-jury trial limited to his damages. Because the trial court has not entered judgment, this appeal is premature. Accordingly, we quash.

The facts are largely immaterial to our disposition. Briefly, on April 6, 2016, Appellant filed an Amended Complaint against Aneesh Khushman,

raising claims of negligence and fraud.[1]  Khushman failed to file an Answer to the Complaint.

On June 1, 2016, the prothonotary entered a default judgment in Appellant's favor and against Khushman pursuant to Pa.R.C.P. No. 1037(b).[2] On July 19, 2017, the trial court held a bench trial on damages pursuant to Pa.R.C.P. No. 1037(b)(2).[3]  Appellant appeared for trial and presented evidence against Khushman.  Khushman did not appear.

Following the trial on damages, the court concluded that Appellant had failed to present evidence that Khushman's conduct was the legal cause of Appellant's injuries.  Thus, the court awarded Appellant zero damages.

Appellant filed a Post-Trial Motion, which the trial court granted in part and denied in part on October 13, 2017.  This appeal followed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

_____

[1] The Complaint also named as defendants Elliott Brownstein, M.D., Glenside Internal Medicine, Presbyterian Hospital Medical Center, and the Trustees of the University of Pennsylvania.  Presbyterian Hospital Medical Center and the Trustees of the University of Pennsylvania were dismissed by stipulation on April 18, 2016.  Appellant, Elliott Brownstein, M.D., and Glenside Internal Medicine proceeded to binding arbitration resulting in a confirmed award in favor of Brownstein and Glenside and against Appellant.

[2] "The prothonotary, on *praecipe* of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint[.]"  Pa.R.C.P. No. 1037(b).

[3] In the event of entry of a default judgment, the trial court shall hold a trial on damages where the damages to which the prevailing party is entitled are not a sum certain.  *See* Pa.R.C.P. No. 1037(b)(2).

1. Whether the trial court erred by determining causation at Appellant's assessment of damages hearing?

2. Whether the trial court erred [in] holding [that] Appellant failed to make out causation on his claim for negligence where default judgment had already been obtained?

3. Whether the trial court erred in holding [that] Appellant failed to establish by clear and convincing evidence that Appellee's fraud was a factual cause of any injury or loss to Appellant?

Appellant's Brief at 8.

Before reaching the merits of Appellant's issues, we first address whether we have jurisdiction to consider this Appeal.

As noted **supra**, following the prothonotary's entry of a default judgment in Appellant's favor, the trial court held a trial to assess the amount of Appellant's damages. **See** Pa.R.C.P. No. 1037(b)(1). Displeased with the trial court's zero-dollar verdict, Appellant filed a Post-Trial Motion. The court granted the Motion in part and denied it in part, but did not enter judgment on the verdict.

It is axiomatic that an appeal to the Superior Court can only lie from a judgment entered subsequent to the trial court's disposition of a party's post-trial motion, not from the order denying the post-trial motion. **U.S. Bank, N.A. v. Pautenis**, 118 A.3d 386, 387 n.2 (Pa. Super. 2015).

Because the trial court has not entered judgment in this matter, this appeal is premature. Accordingly, we quash it.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/18